578 A.2d 523

**COMMONWEALTH of Pennsylvania**

v.

**Richard W. WILSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 14, 1990.

Filed July 30, 1990.

Gerald M. McClain, Williamsport, for appellant.

Daniel E. Holmes, Asst. Dist. Atty., Williamsport, for Com., appellee.

Before TAMILIA, CERCONE and HESTER, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence of the Court of Common Pleas of Lycoming County. Appellant was charged with driving under the influence,[1] possession of a controlled substance,[2] and possession of drug paraphernalia.[3] Appellant pleaded guilty to the possession charges and after a jury trial, was convicted on the driving under the influence charge.[4] The lower court sentenced appellant to a term of forty-eight (48) hours to one (1) year on the driving under the influence charge, and a consecutive term of one (1) month to six (6) months on the charge of possession of drug paraphernalia. On the charge of possession of a controlled substance (marijuana), appellant was sentenced to a term of two (2) weeks to one (1) month, to be served consecutively to the sentences on the other charges. Appellant filed a motion for reconsideration of sentence which the lower court denied. Appellant then filed the instant timely appeal.

In his concise statement of matters complained of on appeal, appellant alleged that the court's sentence was manifestly excessive. On appeal, counsel for appellant has petitioned to withdraw as counsel on the grounds that he finds the issues to be meritless and the appeal totally frivolous. In order to withdraw as counsel, counsel must comply with the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Under *Anders* and its Pennsylvania progeny, in order to withdraw, counsel must (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and

1. 75 Pa.C.S.A. § 3731.
2. 35 P.S. § 780–113(a)(16).
3. *Id.* § (a)(32).
4. Specifically, appellant was convicted of violations of §§ 3731(a)(1) and (a)(4) of the Vehicle Code. 75 P.S. §§ 3731(a)(1) & (a)(4).

(3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. *Id.; Commonwealth v. McFarland,* 386 Pa.Super. 91, 562 A.2d 369 (1989). The determination of whether the appeal is frivolous remains with the court. *Commonwealth v. McClendon, supra,* 495 Pa. at 471, 434 A.2d at 1186.

In this case, counsel has complied with the *Anders* requirements. He has filed a petition to withdraw, submitted a so-called "Anders" brief, and notified appellant of his right to retain new counsel or proceed *in propria persona.* We are left, then, to determine the merits of appellant's claim since counsel's right to withdraw is conditional upon a finding that the appeal is wholly frivolous. *Commonwealth v. Bradley,* 320 Pa.Super. 504, 467 A.2d 826 (1983).

■ Appellant has alleged that the sentence imposed by the lower court was excessive. Such a contention challenges the discretionary aspects of sentence. In such a case, the appellant must set forth in his brief a separate concise statement of the reasons relied upon for allowance of appeal. Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A. Failure to include in the appellate brief the required Rule 2119(f) statement renders the appeal defective. *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). In the instant case, appellant has not included such a statement in the *Anders* brief submitted by counsel, and the Commonwealth has objected to this defect. Thus, even if we were to find merit to the appeal, we would be precluded from reviewing it because of the absence of the required statement under Rule 2119(f). *See Commonwealth v. Gambal,* 522 Pa. 280, 561 A.2d 710 (1989) (absence of required Rule 2119(f) statement is procedural violation which superior court is not entitled to ignore where there is proper objection by opposing party).

■ Nevertheless, it is necessary for us to examine the merits of the appeal to determine if it is "wholly frivolous" so as to permit counsel's withdrawal. *Commonwealth v.*

*Bradley, supra.* Turning to appellant's allegation that the sentence imposed was excessive, we note that sentencing is a matter that is within the sound discretion of the trial court, which will not be disturbed on appeal absent an abuse of that discretion. *Commonwealth v. Dykes,* 373 Pa.Super. 258, 541 A.2d 1 (1988), *appeal denied* 520 Pa. 602, 553 A.2d 965 (1988). To constitute an abuse of discretion, a sentence must either exceed the statutory limits or be patently excessive. *Commonwealth v. White,* 341 Pa.Super. 261, 491 A.2d 252 (1985); *Commonwealth v. Palmer,* 315 Pa.Super. 601, 462 A.2d 755 (1983).

In the instant case, appellant was sentenced to the mandatory minimum term of forty-eight (48) hours for his conviction of driving under the influence. *See* 75 Pa.C.S.A. § 3731(e)(1). The maximum term to which appellant was subject for that offense was two years. *See* 18 Pa.C.S.A. § 1104(2). He actually received a maximum sentence of one (1) year for the DUI offense. On the charge of possession of drug paraphernalia, appellant's minimum sentence of one month was the lowest possible sentence in the standard range of the applicable sentencing guidelines. 204 Pa.Code § 303.9 (standard range of one to six months for this offense with prior record score of one [5]). The six month maximum which the court imposed for this offense is within the one-year statutory maximum authorized in 35 P.S. § 780–113(i). As to appellant's conviction for possessing a small amount of marijuana, *id.* § 780–113(a)(31), the two week minimum is one-half of the thirty day maximum sentence imposed by the court, which is the same as the statutory maximum for this offense. *See id.* § 780–113(g). The lower court noted at sentencing that it would impose the thirty day maximum for the possession offense so as to avoid minimizing the seriousness of the offense to appel-

5. We note that neither the record nor the briefs contains the necessary information from which the prior record score could be computed or reviewed by this court; however, the sentencing transcript refers to a standard range of one to six months for an offense in the offense gravity score level of "M". From this, it can be deduced that the pre-sentence report (which is not part of the record) referred to a prior offense which would yield a prior record score of one.

lant, as there had been reference in the presentence report to a disposition on the part of appellant to minimize the seriousness of this crime.

In his *Anders* brief, counsel makes no argument as to why the sentence imposed by the lower court was excessive. He does, however, state that he thoroughly reviewed the record and diligently investigated the possible grounds of appeal, and concluded that there was no basis upon which an abuse of the lower court's discretion could be alleged. We agree. The minimum sentence for the DUI offense is statutorily required and the minimum for possession of drug paraphernalia is the lowest possible within the standard range of the guidelines. The maximum sentences imposed for both of these offenses are well below the statutorily authorized maximums. The maximum sentence imposed on the possession of a controlled substance offense is the maximum authorized by statute (and the minimum imposed is one-half thereof); however, the lower court stated on the record its reasons for imposing the thirty-day maximum, and we would find, had it been alleged, no abuse of discretion in this regard. Counsel theoretically could have alleged excessiveness because of the lower court's imposition of consecutive sentences. However, we would have found no error in that regard because the sentencing court has the discretion to impose consecutive sentences for multiple convictions. *Commonwealth v. Norris*, 248 Pa.Super. 330, 375 A.2d 122 (1977). All that is required to impose a consecutive sentence for multiple offenses is that the lower court indicate the minimum sentence to be served for the total of all offenses. 42 Pa.C.S.A. § 9757. This total minimum sentence was stated by the lower court in the instant case.

■ Although counsel's *Anders* brief is theoretically lacking in that it does not contain reference to anything in the record that might arguably support the appeal, *Anders v. California, supra*, we will not saddle counsel with an impossible burden in attempting to conform his brief to the requirements of *Anders*. *See Commonwealth v. McClen-*

*don, supra,* 495 Pa. at 472–73, 434 A.2d at 1188 (counsel is saddled with an impossible burden if he is required to file a brief containing arguments that are nonexistent). As our supreme court stated in *McClendon,*

> "[o]nce we are satisfied with the accuracy of counsel's assessment of the appeal as being wholly frivolous, counsel has fully discharged his responsibility. The role of an advocate, insisted upon in *Anders,* refers to the manner in which the record was examined in an effort to uncover grounds to support the appeal. Where counsel has in good faith satisfied that obligation and found the appeal to be wholly frivolous, he can do more.

*Id.,* 495 Pa. at 473–74, 434 A.2d at 1188.

We are satisfied with the accuracy of counsel's assessment in the instant case. Our independent review reveals that the appeal is wholly frivolous. We will therefore permit counsel to withdraw.

Judgment of sentence affirmed; petition for leave to withdraw as counsel granted.