J-S12010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES MICHAEL SHARPE, | |
| Appellant | No. 2956 EDA 2013 |

Appeal from the Judgment of Sentence September 4, 2013
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000708-2009

BEFORE: BOWES, SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 09, 2015**

Charles Michael Sharpe appeals from the judgment of sentence of two to four years incarceration imposed by the trial court after he stipulated to violating the terms of his probation. Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

Appellant originally pled guilty in 2009 to dissemination of child pornography, possession of child pornography, and criminal use of a communication facility. The court sentenced him to concurrent periods of incarceration of ninety-eight days to twenty-three months for the two child pornography charges and a consecutive period of probation of five years for

---

* Former Justice specially assigned to the Superior Court.

the criminal use of a communication facility. Subsequently, Appellant violated the terms of his probation by being unsuccessfully discharged from outpatient sexual offender treatment, having contact with minor children, and viewing pornography. Appellant admitted to masturbating and fantasizing about young children while doing so. In addition, Appellant was not permitted to have pets because he had previously admitted to contemplating having sexual intercourse with a dog. Appellant, however, was residing with a dog in his home.

On June 9, 2010, the court conducted a violation of probation hearing and found Appellant in violation of his parole and probation. At the criminal communication facility charge, the court resentenced Appellant to a period of incarceration of one and one-half to three years incarceration to be followed by four years probation. The defendant served his complete three-year prison sentence.

Thereafter, Appellant again violated his probation. Specifically, he admitted to drinking alcohol in violation of his probation, having contact with three minor children over a three-day period, watching pornography and masturbating while living with the children, and residing in a residence not approved by his probation officer. Appellant waived his **Gagnon I** hearing, and the court held a violation of probation hearing on September 4, 2013. Appellant stipulated to violating the terms of his probation. He requested a county sentence. However, the court imposed the aforementioned two to

four year period of incarceration. In doing so, the court considered that a 2010 evaluation of Appellant indicated that he was a high-risk offender who should receive treatment in state prison system. Appellant filed a timely post-sentence motion on September 9, 2013, seeking reconsideration of his sentence based on his assertion that he had been sexually abused as a child. The court scheduled a hearing on that motion outside of the thirty-day period in which Appellant had to file an appeal. *See* Pa.R.Crim.P. 708(E); *Commonwealth v. Coleman*, 721 A.2d 798 (Pa.Super. 1998). Accordingly Appellant timely appealed before the hearing, no hearing was conducted, and the court denied the motion due to a lack of jurisdiction. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant's counsel filed a statement of his intent to file an *Anders* brief. The matter is now ready for our review.

Appellant's counsel has filed a petition to withdraw and an accompanying *Anders* brief, contending that there are no non-frivolous issues to be reviewed. In the *Anders* brief, counsel sets forth as the issue arguably supporting an appeal as "Whether Appellant's sentence was an abuse of discretion in light of the facts of the present case." *Anders* brief at 3.

As we do not address the merits of issues raised on appeal without first reviewing a request to withdraw, we review counsel's petition to withdraw at the outset. *Commonwealth v. Cartrette*, 83 A.3d 1030

(Pa.Super. 2013) (*en banc*). The procedural requirements for withdrawal require counsel to: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the ***Anders*** brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. ***Id***.

Counsel's petition to withdraw provides that he made a conscientious review of the record and concluded that there are no non-frivolous issues. Counsel notified Appellant that he was withdrawing and furnished Appellant with copies of both the petition to withdraw and ***Anders*** brief. Additionally, counsel informed Appellant of his right to retain new counsel or proceed *pro se* to raise any issues he believes this Court should consider. Thus, counsel has satisfied the procedural requirements of ***Anders***.

Counsel having complied with the procedural dictates of ***Anders***, we next consider whether counsel's ***Anders*** brief meets the substantive requirements of ***Santiago***. Under ***Santiago***, an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

Counsel provided a short background of this case. He also briefly discussed his reasons for determining that Appellant's appeal is frivolous, and provides statutory authority as to why he has concluded that the appeal is wholly frivolous. Hence, counsel has minimally complied with the requirements of *Anders/Santiago*. Accordingly, we proceed to the merits of the issue raised and our own independent review of the entire record.

Appellant's claim relates to the discretionary aspects of his sentence. To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*). In the non-*Anders* context, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id*.

Instantly, the issue need not be preserved in a Rule 1925(b) statement to permit review of whether the issue is frivolous where the party indicates that he intends to file an *Anders* brief. Pa.R.A.P. 1925(c)(4). However, were we to find that the issue is not frivolous, a remand for the filing of a Rule 1925(b) statement would be in order. *Id*. Additionally, where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. *See Commonwealth*

***v. Wilson***, 578 A.2d 523 (Pa.Super. 1990); ***see also Commonwealth v. Lilley***, 978 A.2d 995 (Pa.Super. 2009).

We add that, "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." ***Id***. "[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Id.*** When considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa.Super. 2013). Our scope of review from a probation revocation sentence does include considering discretionary sentencing claims. ***Cartrette***, ***supra***.

Appellant in his post-sentence motion alleged that he should be re-sentenced based on the fact that he was previously sexually abused. He did not aver that his sentence was excessive. Appellant has not included a separate Pa.R.A.P. 2119(f) statement in his ***Anders*** brief. Nonetheless, in essence, Appellant complained that the trial court did not adequately consider a mitigating factor. In ***Dodge***, ***supra***, we collected cases that found that not adequately considering mitigating facts or facts of record did not present a substantial question while noting the seeming incongruity of that jurisprudence with other case law. ***Dodge***, ***supra*** at 1272 n.8.

Appellant's post-sentence motion claim does not raise a substantial question. ***Id***. Even assuming *arguendo* that Appellant's post-sentence

motion claim raises a substantial question for review, the claim is frivolous. Pursuant to 42 Pa.C.S. § 9721(b), a revocation court "must 'follow the general principle that the sentence imposed should call for confinement that is consistent with the  protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" *Cartrette*, *supra* at 1040-1041 (citing 42 Pa.C.S. § 9721(b)).  "In addition, in all cases where the court 'resentences an offender following revocation of probation. . . .the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.'" *Id.*  Further, under 42 Pa.C.S. § 9771(c),

> The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

*See also Cartrette*, *supra* at 1041.

Here, the sentencing court stated that it expressly took into account a 2010 report indicating Appellant's need for sex offender treatment and his high risk of re-offending.  It explained that it believed Appellant needed additional treatment and that state incarceration would better provide for his

needs. The Commonwealth also argued that Appellant was in need of intensive sex offender treatment and was likely to commit other crimes if not incarcerated.

Here, the nature of Appellant's probation violations strongly suggests that he was highly likely to commit sex crimes against minors if not incarcerated and a state sentence was warranted to protect the public and serve his rehabilitative needs. The sentencing court did not abuse its discretion in imposing its sentence.

After our own independent review of the record and governing law, we find that there are no preserved non-frivolous issues that exist or meritorious issues that cannot be waived. *Lilley*, *supra* at 998 ("Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous.").

Appellant's sentence of two to four years, combined with his prior one and one-half to three year period of incarceration, does not exceed the statutory maximum of seven years that is applicable to his third-degree felony criminal use of communications facility charge. *See Commonwealth v. Crump*, 995 A.2d 1280 (Pa.Super. 2010) (discussing legality of split-sentences). Furthermore, the trial court had subject matter jurisdiction over Appellant's probation revocation since courts of common pleas have general

subject matter jurisdiction. ***Cf. Commonwealth v. Bethea***, 828 A.2d 1066 (Pa. 2003).

Judgment of sentence affirmed. The petition to withdraw by Richard J. Blasetti, Esq. is granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/9/2015</u>