J-S18025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY WILLIAM THOMAS, | |
| Appellant | No. 1561 EDA 2014 |

Appeal from the Judgment of Sentence entered March 28, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0004364-2013

BEFORE:  BENDER, P.J.E., ALLEN and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                          **FILED MARCH 23, 2015**

Jeffrey William Thomas, ("Appellant"), appeals from the judgment of sentence imposed after a jury found him guilty of one count of attempted murder, two counts of aggravated assault, one count of possessing an instrument of crime, one count of simple assault, and one count of recklessly endangering another person.[1]   Appellant's appointed counsel seeks to withdraw, citing **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

The pertinent facts and procedural history are as follows:  On May 25, 2013 at 1:50 a.m., members of the Haverford Police Department responded

---

[1] 18 Pa.C.S.A. §§ 901(a), 2502, 2702(a)(1) and (a)(4), 907(a), 2701(a)(1) and 2705.

to a report of a stabbing at 2632 East County Line Road, Ardmore, Pennsylvania. Affidavit of Probable Cause, 6/5/13; N.T., 2/11/14, at 168-169. Upon arriving at the scene, the officers found the injured victim lying on the grass. Affidavit of Probable Cause, 6/5/13. The victim was transported to the hospital, and following a subsequent investigation, Appellant was arrested and charged with the aforementioned crimes. A jury trial commenced on February 11, 2014, and on February 19, 2014, the jury rendered its convictions.

Following a hearing on March 28, 2014, the trial court sentenced Appellant to an aggregate term of imprisonment of twelve (12) to twenty-four (24) years, plus a consecutive twelve (12) years of probation.[2] Appellant filed a timely post-sentence motion, which the trial court denied on April 25, 2014. This appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following arguments, which we have restated for clarity as follows:

    1.    The trial court erred by failing to impose a sentence tailored to Appellant's individual needs and circumstances.

_____

[2] The trial court entered an amended judgment of sentence on April 1, 2014. Our review of the record indicates that the trial court amended Appellant's sentence to clarify that the sentences for aggravated assault at counts 2 and 3 merged with the sentence for attempted murder at count 1, and that Appellant's sentence at count 5 for simple assault also merged with his sentence for attempted murder at count 1.

2. The trial court failed to provide adequate reasons on the record for its sentence.

*See Anders* Brief at 3 ("Of arguable merit is the Court's failure to mention on the record that he heard allocution, along with his failure to address his understanding of the appellant as an individual.").

Preliminarily, we note that Appellant's counsel has filed a brief pursuant to *Anders* and its Pennsylvania counterpart, *McClendon*. *See Anders*, 386 U.S. 738; *McClendon*, 434 A.2d at 1187. Where an *Anders/McClendon* brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to *Anders* to: (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the *Anders* process." *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the *Anders* brief the reasons for

concluding that the appeal is frivolous. If these requirements are met, this Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated December 22, 2014, Appellant's counsel notified Appellant of his intent to file an **Anders** brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. That same day, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Finally, Appellant's counsel has submitted an **Anders** brief to this Court, with a copy provided to Appellant. Accordingly, the technical requirements of **Anders** have been met. We will therefore conduct our own independent examination of the issues set forth in counsel's brief to determine if they are frivolous and whether counsel should be permitted to withdraw.

Appellant challenges the discretionary aspects of his sentence. Such challenges are not appealable as of right. Rather, an appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [sentencing issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition

this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Here, Appellant adequately preserved his discretionary claims in a post-sentence motion and filed a timely notice of appeal. However, Appellant's brief does not include a concise statement pursuant to Pa.R.A.P. 2119(f). This Court has required a Pa.R.A.P. 2119(f) statement even where counsel for the Appellant has filed an *Anders* brief. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990). However, although the *Anders* brief does not contain a separate Pa.R.A.P. 2119(f) statement, the Commonwealth in this instance has not objected. Therefore, we will not find waiver. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014) (declining to find waiver where the appellant failed to comply with Rule 2119(f), but the Commonwealth did not object to the statement's absence). We proceed to determine whether Appellant has presented substantial questions for our review.

Appellant argues that the trial court did not consider his rehabilitative needs in fashioning his sentence. *See Anders* Brief at 9-10. This claim that the trial court failed to impose a sentence tailored to Appellant's individual needs and circumstances fails to raise a substantial question for our review.

- 5 -

When a sentence is within the statutory limits, this Court must review each excessiveness claim on a case-by-case basis. In order for an appellant raising such a claim to state a substantial question, he must sufficiently articulate[] the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. An appellant's contention that the trial court did not adequately consider a mitigating circumstance when imposing sentence does not raise a substantial question sufficient to justify appellate review of the merits of such claim.

***Commonwealth v. Ladamus***, 896 A.2d 592, 596 (Pa. Super. 2006) (citations and internal quotations omitted).

Appellant also asserts that the trial court failed to provide adequate reasons on the record for its sentence. This claim does present a substantial question for our review. ***See Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006) ("an allegation that the court failed to state adequate reasons on the record for the sentence imposed presents a substantial question"). We therefore review the merits of this claim.

Our standard of review of a challenge to the discretionary aspects of sentence is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa. Super. 2007).

> In every case in which the court imposes a sentence for a felony or a misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. ***See*** 42 Pa.C.S. § 9721(b). The sentencing guidelines are not mandatory, and sentencing courts retain "broad discretion in sentencing matters, and therefore, may sentence defendants outside the [g]uidelines. In every case where the court imposes a sentence ... outside the guidelines adopted by the Pennsylvania Commission on Sentencing ... the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines. 42 Pa.C.S. § 9721(b). However, [t]his requirement is satisfied when the judge states his reasons for the sentence on the record and in the defendant's presence. Consequently, all that a trial court must do to comply with the above procedural requirements is to state adequate reasons for the imposition of sentence on the record in open court.

> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation. Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa. Super. 2014) (citations and internal quotations omitted).

At the sentencing hearing, the trial court heard statements from Appellant's friends and family members regarding Appellant's history and background, and reputation for peacefulness in the community, as well as statements from the victim's father, who testified about the impact of the crime on the victim and his family. N.T., at 3/28/14, at 7-18; 23-25. The

trial court additionally heard from Appellant, who expressed his remorse. *Id*. at 25-27. The trial court then provided on the record the reasons for its sentence, in which it stated that it had taken into account Appellant's various psychological and psychiatric evaluations, substance abuse evaluations, and the pre-sentence investigation report. *Id*. at 27-28; *see Commonwealth v. Griffin*, 65 A.3d 932 (Pa. Super. 2013) (when the trial court has the benefit of a pre-sentence investigation report, we presume that the court was aware of relevant information regarding the defendant's character and weighed those considerations along with any mitigating factors). Additionally, the trial court stated that it considered the statements made by on behalf of Appellant and the victim. *Id*. The trial court moreover noted the particular circumstances surrounding the crime, and the impact of the crime on the victim and stated that it had "weighed all these factors in determining the sentence." *Id*. In light of the foregoing, we find no merit to Appellant's assertion that the trial court failed to place adequate reasons on the record for its sentence.

Having independently reviewed the record, we agree with counsel that the appeal is wholly frivolous. For the foregoing reasons, we affirm the judgment of sentence and grant counsel's motion to withdraw from representation.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2015