J-S48035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BILAAL ABDULBADI HALE, | : | |
| | : | |
| Appellant | : | No. 2011 WDA 2015 |

Appeal from the Judgment of Sentence October 27, 2015
in the Court of Common Pleas of Westmoreland County,
Criminal Division, No(s): CP-65-CR-0002997-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BILAAL ABDULBADI HALE, | : | |
| | : | |
| Appellant | : | No. 2013 WDA 2015 |

Appeal from the Judgment of Sentence October 27, 2015
in the Court of Common Pleas of Westmoreland County,
Criminal Division, No(s): CP-65-CR-0002283-2013

BEFORE: BOWES, DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 29, 2016**

Bilaal Abdulbadi Hale ("Hale") appeals from the judgment of sentence imposed following his conviction of three counts of Failure to Comply With Registration of Sexual Offender Requirements. *See* 18 Pa.C.S.A.

§ 4915.1(a)(1), (3); 4915(a)(1).[1] Additionally, John K. Sweeney, Esquire ("Sweeney"), Hale's counsel, has filed a Petition to Withdraw as Counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967). We grant Sweeney's Petition to Withdraw and affirm Hale's judgment of sentence.

In 2000, Hale pled guilty to Aggravated Indecent Assault of a Child under 16 years of age. In 2005, Hale pled guilty to Involuntary Deviate Sexual Intercourse with a Child under 16 years of age. Hale was classified as a Sexually Violent Predator under Megan's Law and was, therefore, required to register as a sex offender.

Hale was charged with two counts of failure to comply with the registration requirements under Megan's Law and SORNA.[2] At 2283-CR-2013, Hale was charged with one count of failure to comply with the registration requirements under SORNA.[3] The Commonwealth, pursuant to Pa.R.Crim.P. 582 (B)(1), provided notice of its intent to consolidate the

---

[1] We note that 18 Pa.C.S.A. § 4915, Megan's Law, expired on December 20, 2012, and 18 Pa.C.S.A. § 4915.1, the Sexual Offender Registration and Notification Act ("SORNA"), became effective on that date. The heightened registration requirements of SORNA applied to those classified as a sexual offender under Megan's Law. Since Hale's charges range between June 28, 2012, and July 10, 2013, he was convicted of violations under both Megan's Law and SORNA.

[2] **See** 18 Pa.C.S.A. § 4915(a)(1); **see also** 18 Pa.C.S.A. § 4915.1(a)(1).

[3] **See** 18 Pa.C.S.A. § 4915.1(a)(3).

cases. Hale filed a Motion for Severance. The trial court denied the Motion,[4] and consolidated the cases.

On July 31, 2015, following a bench trial on the consolidated cases, the trial court found Hale guilty of above-mentioned counts. On October 27, 2015, the trial court sentenced Hale to an aggregate prison term of nine to eighteen years. Hale filed a Motion to Modify Sentence, which the trial court denied. Hale filed a timely Notice of Appeal, and a Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Sweeney has filed an **Anders** Brief raising the following questions for our review:

   I.    Did the trial court err when it denied the Hale's Motion for Severance?

   II.   Did the trial court err when it denied Hale's Motion to Modify the mitigated sentence imposed?

**Anders** Brief at 4.[5] Sweeney filed a Petition to Withdraw with this Court on March 28, 2016. Hale filed neither a *pro se* brief, nor retained alternate counsel.

We must first determine whether Sweeney has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007)

---

[4] We note that the trial court granted Hale's Motion for Severance of 441-CR-2015 from 2997-CR-2013 and 2283-CR-2013.

[5] Sweeney has filed separate, substantially similar briefs at each case number. Thus, we will only cite to a single brief.

- 3 -

(stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter, and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Burwell**, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of the record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Here, Sweeney has complied with the requirements set forth in **Anders** by filing a Petition to Withdraw, which indicates that he conscientiously examined the record and determined that an appeal would

be frivolous. Further, Sweeney provided a letter to Hale, informing him of Sweeney's intention to withdraw as counsel and advising Hale of his rights to retain new counsel, proceed *pro se*, and file additional claims. Finally, Sweeney's Anders brief meets the standards set forth in **Santiago** by providing a factual summary of Hale's case, with support for counsel's conclusion that the trial court did not err or abuse its discretion by denying Hale's Motion to Modify Sentence and Motion for Severance, rendering Hale's appeal wholly frivolous. Because Sweeney has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Hale's appeal is, in fact, wholly frivolous.

Hale contends that the trial court abused its discretion by denying his Motion for Severance of cases 2283-CR-2013 and 2297-CR-2013. **Anders** Brief at 7-9.

Our standard of review is as follows:

A motion for severance is addressed to the sound discretion of the trial court, and … its decision will not be disturbed absent a manifest abuse of discretion. The critical consideration is whether the appellant was prejudiced by the trial court's decision not to sever.

**Commonwealth v. Melendez-Rodriguez**, 856 A.2d 1280, 1282 (Pa. Super. 2004) (citations, brackets, and quotation marks omitted).

Pennsylvania Rule of Criminal Procedure 583 states that "[the] court may order separate trials of offenses or defendants, or provide other

appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583. Pennsylvania Rule of Criminal Procedure 582 governs the joinder of offenses, and provides, in relevant part, as follows:

> (1) Offenses charged in separate indictments or informations may be tried together if:
>
> (a) the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b) the offenses charged are based on the same act or transaction.

Pa.R.Crim.P. 582(A)(1).

Here, Hale's cases involved his failure to comply with sex offender registration requirements, specifically the failure to report changes in his residence and employment. Both cases involved witnesses testifying about similar events occurring over a short period of time (mid-2012 to early 2013). Further, the evidence of Hale's registration violations would be admissible in a separate trial for the other because the violations were similar in nature. Moreover, since this was a bench trial, the judge would have been capable of separating the evidence. *See Commonwealth v. Gribble*, 863 A.2d 455, 462 (Pa. 2004) (stating that a "judge sitting as a factfinder is presumed to disregard inadmissible evidence and consider only competent evidence"). Thus, the trial court did not abuse its discretion in denying Hale's severance Motion.

In his second claim, Hale contends that the sentencing judge abused his discretion in imposing the sentence because Hale should have received a mandatory minimum sentence for each conviction, given that he accepted responsibility for his crimes. *Anders* Brief at 10-11.

Hale challenges the discretionary aspects of his sentence.

> Prior to reaching the merits of a discretionary sentencing issue, an appellate court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Here, Hale filed a timely Notice of Appeal and raised his sentencing claims in a Motion to Modify Sentence. Hale did not include a Rule 2119(f) Statement in his brief. However, the Commonwealth did not object to this defect. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006) (stating that "[i]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)"). Even so, Hale's bald claims do not raise a substantial question. *See Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003) (stating that a bald claim of excessiveness, which does not raise a violation of the Sentencing Code or a norm underlying the

sentencing process does not raise a substantial question). Nevertheless, ***Anders*** requires that we examine the merits of Hale's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. ***See Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing claims raised in an ***Anders*** brief must be addressed on appeal, despite procedural violations).

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citations omitted).

At Hale's sentencing hearing, the trial court stated that it reviewed and considered the presentence investigation report. ***See*** N.T., 10/27/15, at 15; ***see also Commonwealth v. Downing***, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted). The trial court considered that Hale had a "history of trauma," he

elected to have a non-jury trial, and he accepted responsibility for the instant crimes. N.T., 10/27/15, at 15-16. The trial court also took into account Hale's prior criminal record and failure to comply with sex offender registration requirements. ***Id.*** Based on our review, we conclude that the trial court did not abuse its discretion in imposing Hale's sentence.

Further, our independent examination of the record indicates that there are no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-45. Accordingly, we conclude that Hale's appeal is wholly frivolous, and Sweeney is entitled to withdraw as counsel.

Petition to Withdraw as Counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2016