J-S18005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK RICHARDSON | |
| Appellant | No. 431 EDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004815-2013

BEFORE:   PANELLA, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                           **FILED APRIL 18, 2017**

Appellant, Mark Richardson, appeals from the judgment of sentence entered after he pled guilty to charges of third-degree murder, criminal conspiracy, and robbery. Additionally, Richardson's appointed counsel, John Belli, Esquire, has filed a petition to withdraw as counsel pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm Richardson's judgment of sentence and grant counsel's petition to withdraw.

Attorney Belli has substantially complied with the mandated procedure for withdrawing as counsel.[1] ***See id***., at 361 (articulating ***Anders***

_____

[*] Former Justice specially assigned to the Superior Court.

requirements); ***Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa. Super. 2010) (providing that counsel must inform client by letter of rights to proceed once counsel moves to withdraw and append a copy of the letter to the petition). Richardson has not filed a response to counsel's petition to withdraw.

In his ***Anders*** brief, counsel discusses two possible issues for appeal. First, he notes that Richardson believes that the trial court abused its discretion in imposing sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*(Footnote Continued)* ———————————

[1] Attorney Belli failed to include a Pa.R.A.P. 2119(f) statement as a preface to his discussion of Richardson's claim that the trial court abused its discretion in imposing sentence. ***See Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990). However, this failure does not impede our review of the issue raised in the ***Anders*** brief. ***See id***.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citation omitted).

Here, Attorney Belli notes, and our review of the certified record and sentencing transcript confirms, that Richardson did not orally object to the sentence imposed or file a post-sentence motion. He therefore has waived any argument he may have against the discretionary aspects of the sentence imposed. ***See*** Pa.R.A.P. 302(a). Richardson's first issue on appeal is therefore meritless.

Next, Attorney Belli discusses the voluntariness of Richardson's plea. Richardson believes that his guilty plea was not knowing and voluntary, as he claims that he was unaware of the elements of the crimes of robbery and criminal conspiracy. Furthermore, he complains that the trial court's colloquy was inadequate, as it failed to accurately apprise him of his appellate rights and his right to a jury trial.

Initially, we note that Richardson did not file any motion, pre- or post-sentence, with the trial court seeking to withdraw his guilty plea. Thus, the issue is waived on appeal. ***See id***. Attorney Belli asserts that since the trial court did not inform Richardson of his right to file a motion to withdraw his guilty plea, the issue is not waived, citing to ***Commonwealth v. Patterson***, 940 A.2d 493, 498-499 (Pa. Super. 2007). However, ***Patterson*** involved a trial court failing to inform a defendant of the appropriate deadlines required to file an appeal. ***See id***.

Here, in contrast, there is no claim that the trial court failed to inform Richardson of the appropriate deadlines. In fact, our review of the record reveals that plea counsel informed Richardson that he had ten days to file a post-sentence motion. **See** N.T., Guilty Plea, 2/24/14, at 34-35. **Patterson** is therefore not directly on point.

Furthermore, we conclude that the reasoning underlying the **Patterson** decision does not extend to these circumstances. The **Patterson** panel reviewed the defendant's untimely appeal on the merits, as it concluded that the failure to inform the defendant of the appropriate deadlines constituted a breakdown in the operations of the court. Here, Richardson was informed of the appropriate deadlines, and of his right to file a post-sentence motion. That he was not explicitly informed of every issue he could raise in such a motion does not constitute a breakdown in the court's operation. At most, it could qualify for an allegation of post-sentence ineffectiveness on the part of counsel. Such a claim, if Richardson were to make it, would have to await collateral review. **See Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013). Thus, we agree with counsel that Richardson's second issue on appeal is entirely meritless.

After examining the issues contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2017