J-S06007-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER MYERS | : | |
| | : | |
| Appellant | : | No. 846 EDA 2021 |

Appeal from the Judgment of Sentence Entered April 8, 2021,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0009678-2016.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED MARCH 25, 2022**

Christopher Myers appeals from the judgment of sentence imposed after a jury found him guilty of robbery and related offenses. Additionally, Myers' counsel filed a petition to withdraw representation and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738, 744 (1967). Upon review, we grant counsel's petition, and affirm the judgment of sentence.

On September 25, 2016, Myers approached Melvin Williams on 15th Street and Belfield Avenue in Philadelphia. Myers demanded money from Williams that he allegedly owed Myers. Myers pushed Williams to the ground, kicked him several times, and took his iPhone (valued at $400) and $90 cash. Upon investigation, Myers admitted to police that he was in a fight with Williams over money and knocked him down. As a result of Myers' actions, Williams sustained a facial fracture, eye injury, and a concussion and needed

surgery for his facial injuries and front teeth. Myers was arrested and charged with multiple offenses.

On September 21, 2017, a jury found Myers guilty of simple assault, robbery--threat of immediate serious injury, and theft by unlawful taking–movable property.[1] Myers was acquitted of several other offenses. On January 3, 2018, the trial court sentenced Myers to 5 to 10 years' incarceration for robbery, 2 years' probation for theft, and 2 years' probation for simple assault. Myers filed a post-sentence motion, which the court denied.

Following an amended Post-Conviction Relief Act[2] petition, the court reinstated Myers' direct appellate rights on September 18, 2019. Myers appealed. Thereafter, this Court affirmed his convictions, but found that the trial court should have merged the theft charge with the robbery charge, and remanded the case for resentencing.

On April 8, 2021, the trial court resentenced Myers to 5 to 10 years' incarceration followed by 2 years' probation on the robbery conviction.

Myers filed this timely appeal. Counsel filed a petition to withdraw from representation and an **Anders** brief with this Court. Myers did not retain independent counsel or file a pro se response to the **Anders** brief.

---

[1] 18 Pa.C.S.A. §§ 2701(a), 3701(a)(ii), and 3921 (a).

[2] 42 Pa.C.S.A. §§ 9541-9546.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's petition to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361. Once counsel has satisfied the ***Anders*** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, counsel has complied with each of the requirements of ***Anders***. Counsel indicated that he reviewed the record and concluded that Myers' appeal is frivolous. Further, the ***Anders*** brief substantially comports with the requirements set forth by our Supreme Court in ***Santiago***. Finally, the record included a copy of the letter that counsel sent to Myers stating counsel's intention to seek permission to withdraw and advising Myers of his right to proceed *pro se* or retain new counsel and file additional claims. Accordingly, as counsel has complied with the procedural requirements for withdrawing from representation, we will conduct an independent review to determine whether Myers' appeal is wholly frivolous.

In the ***Anders*** brief, counsel sets forth one issue that Myers wishes to raise: Whether Myers' sentence for his robbery conviction was unduly harsh? ***Anders*** Brief at 8. This issue challenges the discretionary aspects of Myers' sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). This Court has explained that, to reach the merits

of a discretionary sentencing issue, we must conduct a four-part analysis to determine:

> (1) whether the appeal is timely; (2) whether [a]ppellant preserved his issue; (3) whether [a]pellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence [in accordance with 2119(f)]; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. . . . [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1033, 1042–43 (Pa. Super. 2014) (quoting *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013)).

Here, Myers satisfied the first two requirements under *Colon*. However, Myers did not "set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence" as required. *See* Pa.R.A.P. 2119(f). Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. *See Commonwealth v. Wilson*, 578 A.2d 523 (Pa. Super. 1990); *see also Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009). Therefore, counsel's failure to submit a Rule 2119(f) statement does not preclude our review of whether Myers' issue is frivolous. *See Commowealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015). Accordingly, we consider whether Myers raised a substantial question.

In his *Anders* brief, counsel makes no argument as to why the sentence imposed by the lower court was excessive. However, in Myers' post-sentence motion, he claimed that various mitigating factors and his rehabilitative needs

warranted a lesser sentence. Specifically, Myers argued that he had a troubled childhood involving domestic violence, and he himself was abused as a child. Additionally, he asserted that he suffers from depression and anxiety, bi-polar disorder, and post-traumatic stress disorder. Myers further claimed that a 5 to 10 year sentence was not needed to rehabilitate him. He already started the rehabilitation process by completing violence prevention program and attending various courses, including anger management, parenting, and arts and crafts. Myers also expressed remorse over how he dealt with Williams. Consequently, according to Myers, the trial court abused its discretion when it sentenced him.

Generally, a bald excessiveness claim does not raise a substantial question. *See id.*, at 662 (Pa. Super. 2015). Additionally,

> this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review. However, prior decisions from this Court involving whether a substantial question has been raised by claims that the sentencing court "failed to consider" or "failed to adequately consider" sentencing factors has been less than a model of clarity and consistency. ...
>
> This Court has ... held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.

*Commonwealth v. Caldwell*, 17 A.3d 763, 769–70 (Pa. Super. 2015) (internal quotation marks and citations omitted).

Here, Myers essentially claims that the trial court did not adequately consider certain mitigating factors, including his rehabilitative needs. As such,

we conclude that this argument does not raise a substantial question, and do not consider the merits of his sentencing claim. But, even if we were to consider the merits, we would agree with counsel that Myers' sentencing claim is frivolous.[3]

In sentencing Myers, we first note that the trial court had the pre-sentence investigation report from the previous sentencing and re-reviewed it. N.T., 4/8/21, at 7. "[W]here the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (citation omitted).

Furthermore, the trial court observed that, based upon a prior record score of 5 and an offense gravity score of 12, the sentencing guidelines recommended a minimum sentence of 7 to 8 ½ years' incarceration, plus or

---

[3] Our standard of review of a sentencing claim is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).

minus 1 year. N.T., 4/8/21, at 9. Notwithstanding this, the court deviated from the guidelines' mitigated sentence and gave Myers 5 to 10 years' incarceration. The trial court specifically acknowledged the hardships Myers endured as a child and the mental health challenges he faced. Because of those factors, the court previously sentenced him in the mitigated range and recognized that a mitigated sentence was still appropriate. *Id.* at 16.

The trial court also acknowledged Myers' accomplishments since he was in custody and his adherence to the court's recommendations that he complete his education and participate in programming. *Id.* 15. The court further observed that this was a second strike case, but because the Commonwealth failed to give Myers notice, it did not seek a more severe sentence. Thus, despite Myers' progress, the court was unwilling to reduce his sentence anymore, given the severity of the incident with Williams. *Id.* at 16-17.

Based upon our review of the sentencing transcript, it is evident that the trial court thoughtfully weighed all of the relevant factors in this case. On appeal, "[w]e cannot re-weigh the sentencing factors and impose our judgment in place of the sentencing court." *Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009). Therefore, we would conclude that the trial court did not abuse its discretion in sentencing Myers.

For the foregoing reasons, we conclude that Myers' issue is wholly frivolous. Furthermore, as required by *Anders*, we have independently reviewed the record to determine whether there are any non-frivolous issues

present in this case. Our review of the record discloses no other non-frivolous issues that Myers could raise that counsel overlooked. ***See Dempster***, ***supra***.

Having concluded that there are no non-frivolous issues, we grant counsel's petition to withdraw, and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/2022