J-S63038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DONALD FRANCIS, | : | |
| | : | |
| Appellant | : | No. 916 EDA 2015 |

Appeal from the Judgment of Sentence February 11, 2015
in the Court of Common Pleas of Lehigh County,
Criminal Division, No(s): CP-39-CR-0004292-2014;
CP-39-CR-0004317-2014

BEFORE:  DONOHUE, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 22, 2015**

Donald Francis ("Francis") appeals from the judgment of sentence imposed following his guilty plea to possession with intent to deliver a controlled substance (heroin) and possession of a controlled substance (cocaine).  **See** 35 P.S. § 780-113(a)(16), (30).  Additionally, Francis's counsel, Amy E. Sonin, Esquire ("Sonin"), has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744 (1967).  We grant Sonin's Petition to Withdraw and affirm Francis's judgment of sentence.

On January 14, 2015, Francis pled guilty to the above-mentioned crimes at two separate case numbers.  In exchange for pleading guilty, the Commonwealth agreed to withdraw certain charges, and agreed that Francis's minimum sentences would not exceed the mid-point of the

standard range of the sentencing guidelines. On February 11, 2015, the trial court sentenced Francis to fifteen months to four years in prison for the possession with intent to deliver conviction and a concurrent prison term of three to twelve months for the possession of a controlled substance conviction. Francis filed a Post-Sentence Motion, which the trial court denied.

Francis filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

On appeal, Sonin has filed an **Anders** Brief raising the following question:

> Whether the trial court abused its discretion by imposing a harsh and excessive sentence[,] which was manifestly unreasonable[,] in that the court failed to fully state its reasons in the imposition of its sentence, the court failed to fashion a sentence specific to [Francis] and his personal circumstances, and the court ordered a pre-sentence investigation report and then sentenced [Francis] to a harsher sentence than was recommended in that report without noting specific reasons for doing so?

**Anders** Brief at 6. Sonin filed a separate Petition to Withdraw with this Court on November 23, 2015.[1] Francis filed neither a *pro se* brief, nor retained alternate counsel for this appeal.

We must first determine whether Sonin has complied with the dictates of **Anders** in petitioning to withdraw from representation. **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007)

---

[1] We note that Sonin initially failed to file a petition to withdraw, despite filing an **Anders** Brief. **See Commonwealth v. Francis**, 916 EDA 2015 (Pa. Super. filed November 12, 2015) (Judgment Order).

(stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). "Once counsel has satisfied the [*Anders*] requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an

independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Edwards*, 906 A.2d 1225, 1228 (Pa. Super. 2006).

Sonin has now complied with each of the requirements of *Anders* and *Santiago*. Sonin indicates that she has conscientiously examined the record, case law, and statutes, and has determined that an appeal would be frivolous. Further, Sonin's brief meets the standards set forth in *Santiago* by providing a factual summation of Francis's case, with support for her conclusion that the appeal is frivolous. Finally, Sonin provided a copy of her letter to Francis, providing him a copy of the brief, informing him of her intention to withdraw as counsel, and advising him of his right to retain new counsel, proceed *pro se*, and file additional claims. Because Sonin has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Francis's appeal is, in fact, wholly frivolous.

On appeal, Francis challenges the discretionary aspects of his sentence. It is well-settled that upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed. *Commonwealth v. Boyd*, 835 A.2d 812, 816 (Pa. Super. 2003). However, when the plea agreement does not contain a bargain for a specific or stated term of sentence, the defendant may appeal the discretionary aspects of his sentence. *Commonwealth v. Tirado*, 870

A.2d 362, 365 n.5 (Pa. Super. 2005). Here, while the Commonwealth and Francis agreed that his minimum sentence should be at the midpoint of the standard range of the sentencing guidelines, Francis's guilty plea did not include a specific agreement regarding the length of sentence. Thus, we will address Francis's discretionary aspects of sentencing claim. *See id*.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [***see***] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [***see***] 42 Pa.C.S.A. § 9781(b).

***Moury***, 992 A.2d at 170 (citation omitted).

Here, Francis filed a timely Notice of Appeal, raised his claims in a Post-Sentence Motion, and Sonin included a Rule 2119(f) Statement in the ***Anders*** brief. Francis's claim that his standard range sentence is excessive, as the trial court failed to consider mitigating factors and all relevant factors under 42 Pa.C.S.A. § 9721(b), raises a substantial question. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012) (stating that failure "to consider relevant sentencing criteria, including the protection

of the public, the gravity of the underlying offense and the rehabilitative needs" of the defendant raised a substantial question); ***Commonwealth v. Perry***, 883 A.2d 599, 602 (Pa. Super. 2005) (stating that an excessiveness sentence claim, in conjunction with an assertion that the court did not consider mitigating factors, raised a substantial question).[2]

Our standard of review for challenges to discretionary aspects of sentencing is well settled:

> [S]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias or ill will. It is more than just an error in judgment.

***Commonwealth v. Malovich***, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citation omitted).

Francis asserts that the trial court abused its discretion by imposing an excessive sentence. ***Anders*** Brief at 14-18. Francis contends that the trial court failed to consider the section 9721(b) factors and various mitigating factors. ***Id***. at 16-18. Francis argues that while his sentence is in the standard range, the trial court ignored the sentencing recommendation in the pre-sentence investigation report. ***Id***. at 16, 18. Francis also claims

---

[2] Even if Francis failed to raise a substantial question, ***Anders*** requires that we examine the merits of Francis's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. ***See Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary aspects of sentencing claims raised in an ***Anders*** brief must be addressed on appeal, despite procedural violations).

that the trial court failed to set forth its reasons for the severity of the sentence. *Id*. at 16.

At sentencing, the trial court had the benefit of a pre-sentence investigation report. *See* N.T., 2/11/15, at 2; *see also Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted). The trial court also stated that it was aware of Francis's addiction problems, his rehabilitative needs, his prior record, and the recommendation of the pre-sentence investigator.[3] *See* N.T., 2/11/15, at 4-5, 7; *id*. at 8 (wherein the trial court recommended that Francis be placed in "an institution to address his drug addiction."); *see also* Order, 2/25/15, at 3 (stating that the court considered all of the factors under section 9721(b) and was cognizant of the fact that Francis's addiction problems were directly related to the criminal conduct at issue). Further, the trial court considered the sentencing guidelines in rendering the concurrent standard range sentences. N.T., 2/11/15, at 2, 3, 6-7; *see also* Order, 2/25/15, at 1-3. Accordingly, we

---

[3] The pre-sentence investigator recommended a sentence of 12½ months to three years in prison for the possession with intent to deliver conviction. *Anders* Brief at 15.

conclude that the trial court did not abuse its discretion in imposing Francis's standard range sentences.

Additionally, we have conducted an independent review of the record and have found no appealable issues in this case relating to the jurisdiction of the trial court, the legality of Francis's sentence,[4] or the validity of his guilty plea.[5] **See Boyd**, 835 A.2d at 816. Based upon the foregoing, we conclude that Francis's appeal is wholly frivolous, and Sonin is entitled to withdraw as counsel. **See Anders**, 386 U.S. at 744-45.

Petition to Withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015

---

[4] As noted above, Francis pled guilty to two separate case numbers. Thus, his sentences for the possession with intent to deliver a controlled substance and possession of a controlled substance convictions do not merge.

[5] **See** N.T., 1/14/15, at 2-6; Written Plea Colloquy, 1/14/15, at 1-10.