J-S40041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN WILLIAM POLAND, | : | |
| | : | |
| Appellant | : | No. 3680 EDA 2015 |

Appeal from the Judgment of Sentence December 3, 2015
in the Court of Common Pleas of Wayne County,
Criminal Division, No(s):  CP-64-CR-0000157-2015

BEFORE:  BOWES, MUNDY and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 23, 2016**

John William Poland ("Poland") appeals from the judgment of sentence imposed following his conviction of retail theft.  ***See*** 18 Pa.C.S.A. § 3929(a)(1).  Additionally, Ashley G. Zimmerman, Esquire ("Attorney Zimmerman"), Poland's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We affirm and grant Attorney Zimmerman's Petition to Withdraw.

On April 7, 2015, Poland purchased numerous items from a Wal-Mart store in the amount of $282.93.  Subsequently, Poland returned to Wal-Mart and took the same items off the shelf, and left the store without paying.  The police stopped Poland's vehicle in a traffic stop, wherein they discovered the stolen items.  Poland admitted to stealing the items and was charged with retail theft.

Poland waived his right to a preliminary hearing. Thereafter, Poland was ordered to appear on September 18, 2015, for the purposes of reviewing a guilty plea colloquy, but he failed to appear. A bench warrant was issued for Poland, which was subsequently rescinded when he was extradited from New Jersey to Wayne County. On October 8, 2015, Poland pled guilty to retail theft. The trial court sentenced Poland to not less than 9 months nor more than 60 months in a State Correctional Institution ("SCI"). The trial court also noted that Poland was Recidivism Risk Reduction Incentive ("RRRI") eligible, and his RRRI minimum was 6 months, 23 days. The trial court additionally ordered Poland to pay a fine of $300, restitution in the amount of $282.93, and submit to the drawing of DNA.

Poland filed a timely Motion to Reconsider Sentence, which the trial court denied. Poland filed a timely Notice of Appeal. Attorney Zimmerman filed a Statement of Intent to File an *Anders*/*McClendon*[1] Brief seeking to withdraw as counsel in lieu of filing a concise statement of matters complained of on appeal.

In the *Anders* Brief, the following questions are presented for our review:

> I. Did the trial court accept a valid guilty plea from [Poland] in the underlying matter?
>
> II. Did the sentencing court commit any errors that would entitle [Poland] to any relief?

---

[1] *Commonwealth v. McClendon*, 424 A.2d 1185 (Pa. 1981).

***Anders*** Brief at 7.  Poland did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

We must first determine whether Attorney Zimmerman has complied with the dictates of ***Anders*** in petitioning to withdraw from representation. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (stating that "[w]hen faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted).  Pursuant to ***Anders***, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record[,] counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

***Commonwealth v. Burwell***, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

- 3 -

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Zimmerman complied with each of the requirements set forth in *Anders* by petitioning this Court for leave to withdraw, submitting an *Anders* Brief referring to any issue that may have arguable merit, and notifying Poland of the request to withdraw and advising him as to his rights moving forward. Further, the *Anders* Brief meets the standards set forth in *Santiago* by providing a factual summary of Poland's case, with support for Attorney Zimmerman's conclusion that the trial court accepted a valid guilty plea and sentenced Poland without error, rendering Poland's appeal wholly frivolous. Because Attorney Zimmerman has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Poland's appeal is, in fact, wholly frivolous.

In his first claim, Poland challenges the validity of the guilty plea. *Anders* Brief at 11-12.

> Our law is clear that to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

- 4 -

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted).

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted); ***see also*** Pa.R.Crim.P. 1007 (stating that any objections related to the validity of a plea agreement must be raised in a post-sentence motion).

Here, while Poland filed a timely Motion to Reconsider Sentence, he failed to raise any issue regarding the guilty plea. Thus, the claim is waived. ***See Lincoln***, 72 A.3d at 611.[2]

In his second claim, Poland contends that the trial court abused its discretion in imposing an excessive sentence. ***Anders*** Brief at 12-14. Poland challenges the discretionary aspects of his sentence.

---

[2] We note that while Poland completed a written guilty plea colloquy, the record does not contain a transcript of an oral guilty plea colloquy. ***See Commonwealth v. Moser***, 921 A.2d 526, 529 (Pa. Super. 2007) (stating that "[n]othing precludes the use of a written colloquy that is read, completed, and signed by the defendant, made part of the record, **and supplemented by some on-the-record oral examination.**") (citation omitted, emphasis added); ***see also*** Pa.R.Crim.P. 590, cmt; ***Commonwealth v. Mallory***, 941 A.2d 686, 698 (Pa. 2008). This Court contacted the trial court to request any transcripts or other documents that might be missing from the record in search of any further on-the-record content regarding the guilty plea. This Court was notified that there were no other documents beyond the received record. Nevertheless, as noted above, Poland failed to preserve his claim; accordingly, it is waived.

Prior to reaching the merits of a discretionary sentencing issue, an appellate court conducts a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, *see* Pa.R.A.P. 2119(f); and (4) whether there is substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted).

Here, Poland filed a timely Notice of Appeal and raised his sentencing claim in the Motion to Reconsider Sentence. Poland failed to include a Rule 2119(f) statement in his appellate brief. However, the Commonwealth did not object to this defect. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006) (stating that "[i]n the absence of any objection from the Commonwealth, we are empowered to review claims that otherwise fail to comply with Rule 2119(f)"). Even so, Poland's bald claims do not raise a substantial question. *See Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003) (stating that a bald claim of excessiveness, which does not raise a violation of the Sentencing Code or a norm underlying the sentencing process does not raise a substantial question).

Nevertheless, *Anders* requires that we examine the merits of Poland's claims to determine whether his appeal is, in fact, "wholly frivolous" in order to rule upon counsel's request to withdraw. *See Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (stating that discretionary

aspects of sentencing claims raised in an **Anders** brief must be addressed on appeal, despite procedural violations); **accord Commonwealth v. Ziegler**, 112 A.3d 656, 661 (Pa. Super. 2015).

Our standard of review for challenges to the discretionary aspects of sentencing is well settled:

> [s]entencing is vested in the discretion of the trial court, and will not be disturbed absent a manifest abuse of that discretion. An abuse of discretion involves a sentence which was manifestly unreasonable, or which resulted from partiality, prejudice, bias, or ill will. It is more than just an error in judgment.

**Commonwealth v. Malovich**, 903 A.2d 1247, 1252-53 (Pa. Super. 2006) (citations omitted).

At Poland's sentencing hearing, the trial court stated that it had reviewed and considered the pre-sentence investigation report. **See** N.T., 12/3/15, at 3-4, 5, 8; **see also Commonwealth v. Downing**, 990 A.2d 788, 794 (Pa. Super. 2010) (stating that "where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed") (quotation marks and citations omitted). Additionally, the trial court considered the Sentencing Guidelines, and the statements by Poland's counsel. N.T., 12/3/15, at 5-8. The trial court also considered Poland's education, character, numerous retail theft convictions, and remorse. **Id**. at 4, 6, 7.

Based on our review, we conclude that the trial court did not abuse its discretion in imposing Poland's sentence. ***See Malovich***, 903 A.2d at 1254.

Further, our independent examination of the record reveals no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-45. Accordingly, we conclude that Poland's appeal is wholly frivolous, and Attorney Zimmerman is thus entitled to withdraw as counsel.

Petition to Withdraw as Counsel granted; judgment of sentence affirmed.

Judge Mundy did not participate in the consideration or decision of this case.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016