J. S47038/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
RONRON TILLMAN, : No. 2548 EDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, March 27, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0013603-2013


BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED AUGUST 21, 2017**

Ronron Tillman appeals from the judgment of sentence of March 27, 2015, following his conviction of third-degree murder, attempted murder, and possession of firearm prohibited.[1]  Appointed counsel, Andres Jalon, Esq., has petitioned to withdraw and filed an ***Anders*** brief.[2]  After careful review, we grant the petition to withdraw and affirm the judgment of sentence.

The salient facts have been aptly summarized by the trial court as follows:

> [Appellant] pled guilty to the above-mentioned
> charges based on the following facts.  ***See*** N.T.

---

[1] 18 Pa.C.S.A. §§ 2502(c), 901(a), and 6105(a)(1), respectively.

[2] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

12/08/14, pp. 43-49. On July 22, 2013, sometime before 5:30 p.m., sixteen-year-old Anthony Gonzalez was walking to his grandmother's house when he was assaulted by a group of individuals who took his cell phone near the intersections of Palethorp and Huntingdon Streets in Philadelphia. Anthony Gonzalez continued on to his grandmother's house and told his family about this incident. After informing his family of this incident, Anthony Gonzalez returned to Palethorp and Huntingdon Streets with his uncle Rafael Gonzalez, Sr., his cousin Rafael Gonzalez, Jr., and other members of his family. Upon the group's arrival at the location, Anthony Gonzalez encountered seventeen-year[-]old Wilfredo Ramos, and the two young men began to fistfight. At some point, a larger group of people became involved in this fistfight.

[Appellant] was associated with the group of individuals that hung out on the corner of Palethorp and Huntingdon Streets. During this incident, [appellant] pulled out a handgun and shot Rafael Gonzalez, Sr., who fell to the ground. The bullet entered Mr. Gonzalez's buttock and shattered his left femur and his sacrum. He was subsequently transported by family members to Episcopal Hospital, and from there to the trauma center at Temple Hospital due to the critical nature of his injuries. Mr. Gonzalez was treated at Temple Hospital, where he remained until his discharge on July 29, 2013. One bullet fragment was recovered from Mr. Gonzalez's body, but the bullet fragments in his sacrum and coccyx remained because they could not be removed.

The crowd dispersed following the shooting. Anthony Pizarro Lopez, who was associated with Anthony Gonzalez, ran down Huntingdon Street and turned right on North 2nd Street, the very next street. However, [appellant] chased Mr. Lopez and continued to fire his gun at him. Mr. Lopez was struck two times, once in his right thigh and once in his right chest. As a result, he collapsed to the ground on North 2nd Street. Local residents

attended to him until he was transported to Temple Hospital in critical condition. Based on the nature of his injuries, doctors removed Mr. Lopez's right lung. However, despite medical care Mr. Lopez died on July 29, 2013 at the hospital. Dr. Marlon Osbourne, a forensic pathologist, examined Mr. Lopez's body and found that he had suffered a gunshot wound to the chest. The bullet perforated his right lung and his ninth thoracic vertebra. Dr. Osbourne concluded to a reasonable degree of medical certainty that the cause of Mr. Lopez's death was ventilator dependent respiratory failure resulting from the gunshot wound. He further concluded to a reasonable degree of medical certainty that the manner of death was homicide. At the time of his death, Mr. Lopez was twenty-five (25) years old. At least five (5) eyewitnesses identified [appellant] as the shooter.

As of July 22, 2013 [appellant] was prohibited from possessing a firearm because of his prior felony convictions. On February 13, 2013, [appellant] was convicted of possession with intent to deliver marijuana, at CP-51-CR-0009175-2012. On that same date, he was also convicted of possession with intent to deliver cocaine and heroin, at CP-51-CR-0000031-2013. Further, he also had prior convictions, at CP-51-CR-0000568-2013, for possession with intent to deliver crack cocaine and criminal conspiracy. Although [appellant] had been sentenced on these convictions, he was in bench warrant status on July 22, 2013.

Trial court opinion, 5/13/16 at 2-3.

On December 8, 2014, appellant pled guilty to the above charges. In exchange for his plea, the Commonwealth **nolle prossed** additional charges including first-degree murder. (Notes of testimony, 12/8/14 at 38.) It was an open guilty plea with no agreement as to sentencing.

On March 27, 2015, appellant was sentenced to 20 to 40 years' incarceration for third-degree murder, 10 to 20 years for attempted murder, and 5 to 10 years for the firearms violation, run consecutively for an aggregate sentence of 35 to 70 years. Appellant filed a timely motion for reconsideration of sentence on April 1, 2015, asking for concurrent sentences. That motion was denied by operation of law pursuant to Pa.R.Crim.P. 720(B)(3)(a) on July 28, 2015. A timely notice of appeal was filed on August 19, 2015. On August 31, 2015, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b). Appellant failed to comply, but the trial court filed a Rule 1925(a) opinion on May 13, 2016, addressing any cognizable issues on appeal.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an *Anders* brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010), citing *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to *Anders,* certain requirements must be met, and counsel must:
>
> (1)    provide a summary of the procedural history and facts, with citations to the record;

> (2)  refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3)  set forth counsel's conclusion that the appeal is frivolous; and
>
> (4)  state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.*, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Jalon has complied with all of the above requirements. In addition, Attorney Jalon served appellant with a copy of the **Anders** brief and advised him of his right to proceed **pro se** or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. As we find the requirements of **Anders** and **Santiago** are met, we will proceed to the issues on appeal.[3]

---

[3] As described above, Attorney Jalon failed to comply with the trial court's Rule 1925 order, which is considered **per se** ineffectiveness of counsel and ordinarily this court would have to remand for a supplemental trial court opinion. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been **per se** ineffective, the appellate court shall remand for the filing of a Statement **nunc pro tunc** and for the preparation and filing of an opinion by the judge."); **see also Commonwealth v. Thompson**, 39 A.3d 335, 340 n.11 (Pa.Super. 2012) ("Under Rule 1925(c)(3), the remedy for **per se** ineffectiveness in criminal cases is no longer collateral relief, but to remand to the trial court, either for the filing of a Rule 1925(b) statement **nunc pro tunc** or the filing of a Rule 1925(a) opinion addressing the issues raised in an untimely 1925(b)

Counsel raises one issue for review on appeal, whether appellant's sentence of 35 to 70 years' incarceration was an abuse of discretion. (***Anders*** brief at 12-13.) However, counsel has failed to attach the requisite Pa.R.A.P. 2119(f) statement to his brief. It is established that even in the ***Anders*** context, the Rule 2119(f) statement is required with respect to discretionary sentencing challenges. ***Commonwealth v. Wilson***, 578 A.2d 523, 525 (Pa.Super. 1990). Nevertheless, because this court has a duty to independently review the record to determine whether, in fact, the appeal is wholly frivolous, we will examine the merits of the issue. ***Id.***; ***Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009) (***Anders*** requires review of issues otherwise waived on appeal); ***Commonwealth v. Hernandez***, 783 A.2d 784, 787 (Pa.Super. 2001) (addressing the merits of the appellant's discretionary aspects of sentencing challenge even though counsel failed to comply with the trial court's Rule 1925 order; "***Anders***

---

statement."), citing ***Commonwealth v. Burton***, 973 A.2d 428, 432-433 (Pa.Super. 2009) (***en banc***). Nevertheless, it is not necessary to remand in this case where the trial court has addressed any potential issues to be raised on appeal in a substantive Rule 1925(a) opinion. (Trial court opinion, 5/13/16 at 4-7.) To remand for the trial court to further consider claims that counsel has already deemed frivolous would serve little purpose. ***Compare Burton***, 973 A.2d at 433 (holding remand is not necessary where trial court addressed issues in untimely Rule 1925(b) statement). In the same vein, to remand for a Rule 1925(b) statement ***nunc pro tunc*** would be pointless because counsel would simply file a statement of intent to file an ***Anders*** brief under Rule 1925(c)(4). ***See*** Pa.R.A.P. 1925(c)(4) ("In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an ***Anders***/***McClendon*** brief in lieu of filing a Statement.").

**requires** that we examine the issues to determine their merit." (emphasis in original)).

> A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. ***Commonwealth v. Hunter***, 768 A.2d 1136 (Pa.Super. 2001)[,] ***appeal denied***, 568 Pa. 695, 796 A.2d 979 (2001). When challenging the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); ***Commonwealth v. Tuladziecki***, 513 Pa. 508, 522 A.2d 17 (1987); 42 Pa.C.S.A. § 9781(b); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'" ***Commonwealth v. Williams***, 386 Pa.Super. 322, 562 A.2d 1385, 1387 (1989) (***en banc***) (emphasis in original).

***Commonwealth v. McNear***, 852 A.2d 401, 407-408 (Pa.Super. 2004).

Appellant entered an open guilty plea following a thorough on-the-record plea colloquy. Appellant also executed a written plea colloquy. In exchange for appellant's plea, the Commonwealth withdrew numerous charges including first-degree murder and aggravated assault. Appellant faced a maximum sentence of 45 to 90 years in prison. (Notes of testimony, 12/8/14 at 31, 42.)

The sentencing court had the benefit of a PSI report. (Notes of testimony, 12/8/14 at 55-56.)[4] "Our Supreme Court has ruled that where pre-sentence reports exist, the presumption will stand that the sentencing judge was both aware of and appropriately weighed all relevant information contained therein." *Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa.Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 U.S. 1148 (2005), citing *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988). To the extent that appellant argues the trial court abused its discretion in making his sentences consecutive, he does not raise a substantial question for this court's review. "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." *Commonwealth v. Perry*, 883 A.2d 599, 603 (Pa.Super. 2005) (citations omitted). Appellant falls well short of raising a "substantial question" for our review with respect to the trial court's exercise of its sentencing discretion. There is simply nothing to review here.

For the reasons discussed above, we determine that appellant's issue on appeal is wholly frivolous and without merit. Furthermore, after our own

---

[4] The March 27, 2015 sentencing transcript does not appear anywhere in the record, nor is there any indication that it was requested by appellant pursuant to Pa.R.A.P. 1911(a). However, as appellant's discretionary sentencing issue is plainly without merit and appellant has not responded to counsel's withdrawal petition, we deem it unnecessary to remand for appellant to obtain the transcript.

independent review of the record, we are unable to discern any additional issues of arguable merit. Therefore, we will grant Attorney Jalon's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017