J-S52038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT MALPASSE | : | |
| | : | |
| Appellant | : | No. 1269 EDA 2020 |

Appeal from the Judgment of Sentence Entered April 30, 2020
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000301-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT MALPASSE | : | |
| | : | |
| Appellant | : | No. 1270 EDA 2020 |

Appeal from the Judgment of Sentence Entered April 30, 2020
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000383-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT MALPASSE | : | |
| | : | |
| Appellant | : | No. 1271 EDA 2020 |

Appeal from the Judgment of Sentence Entered April 30, 2020
In the Court of Common Pleas of Wayne County Criminal Division at
No(s): CP-64-CR-0000419-2018

J-S52038-20

BEFORE:   PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED:  JANUARY 25, 2021**

Appellant, Robert Malpasse, appeals[1] from the Judgment of Sentence entered on April 30, 2020, in the Wayne County Court of Common Pleas. Herein, he challenges the discretionary aspects of his sentence. In addition, Appellant's counsel has filed an **Anders** [2] Brief, together with a Petition to Withdraw as Counsel. After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Petition to Withdraw.

From approximately May 22, 2018, through June 3, 2018, Appellant engaged in a course of conduct comprising two distinct conspiracies to harass his ex-wife and her boyfriend. Aided by one cohort, Appellant searched his ex-wife's garbage, tracked her location, photographed her without her knowledge and texted from fake names and phone numbers. With a second cohort, he stalked his ex-wife and her boyfriend by taking photographs of them without their permission or knowledge and driving past her home and place of work numerous times to check on her location. When Appellant's ex-wife learned of Appellant's actions, she contacted authorities.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] By this Court's Order of August 26, 2020, and upon consideration of the trial court dockets, the notices of appeal, and the criminal docketing statements filed at Docket Numbers 1269 EDA 2020, 1270 EDA 2020, and 1271 EDA 2020, the above-captioned appeals were consolidated. **See** Pa.R.A.P. 513.

[2] **Anders v. California**, 386 U.S. 738 (1967).

Based on the complaints against Appellant, authorities obtained a search warrant of his residence. On June 13, 2018, detectives executed the search warrant and recovered a 12-gauge shotgun inside the premises. Because Appellant had previously been convicted of burglary, his possession of the firearm constituted a violation of 18 Pa.C.S.A. § 6105, Persons not to Possess.

On March 5, 2020, Appellant entered a guilty plea to one count of felony Criminal Conspiracy-Stalking, one count of misdemeanor Criminal Conspiracy-Stalking, and one count of misdemeanor Persons Not to Possess.[3] On April 30, 2020, Appellant was sentenced to an aggregate sentence of incarceration of not less than 32 months nor more than 120 months in a state correctional institution.[4] Appellant filed a timely post-sentence motion challenging the imposition of consecutive sentences and requesting that he serve his sentences in Wayne County Correctional Facility. By order of May 18, 2020, the trial court denied Appellant's motion. This timely appeal followed.

---

[3] Specifically, Appellant pleaded guilty under CP-64-CR-0000301-2018 to one count Criminal Conspiracy-Stalking (18 Pa.C.S. § 903) graded as a Felony 3, under CP-64-CR-0000383-2018 to one count Criminal Conspiracy-Stalking (18 Pa.C.S. § 903) graded as a Misdemeanor 1, and under CP-64 CR-0000419-2018 to one count possession of a firearm by a prohibited person (18 Pa.C.S. § 6105(a)(a)) graded as a Misdemeanor 1.

[4] The Court sentenced Appellant to not less than 18 months nor more than 60 months under CR-301-2018; under CR-383-2018 not less than 14 months nor more than 60 months consecutive to CR-301-2018; and under CR-419-2018 not less than 32 months not more than 120 month concurrent to CR-301 2018. The Court credited time served from June 12, 2019, to April 30, 2020, for case 301-2018.

The trial court ordered Appellant to comply with Pa.R.A.P. 1925, and counsel filed a Rule 1925(b) statement raising the sentencing issues preserved in Appellant's post-sentence motion. On July 13, 2020, the trial court filed a Rule 1925(a) Opinion rejecting Appellant's sentencing issues on the rationale espoused in its prior opinion of May 18, 2020.

On September 22, 2020, counsel filed the **Anders** Brief and Petition to Withdraw as Counsel. Appellant filed a *pro se* response[5] ostensibly challenging the voluntariness of his guilty plea by baldly asserting that counsel assured him he would receive concurrently-run sentences and serve his time in the Wayne County Correctional Facility.[6]

As a preliminary matter, we address counsel's Petition to Withdraw. "When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet certain requirements, including:

> (1) provide a summary of the procedural history and facts, with citations to the record;

---

[5] Pursuant to **Anders**, **supra,** an appellant may file a *pro se* brief raising points in addition to those in counsel's **Anders** brief. **Commonwealth v. Burwell**, 42 A.3d 1077, 1078–1079 (Pa. Super. 2012).

[6] The remainder of Appellant's *pro se* response contains a narrative unrelated to his guilty plea and sentence.

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

In the instant case, counsel has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, counsel confirms that he sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements). Counsel appended a copy of the letter to his Petition to Withdraw.

Because counsel has satisfied the above requirements, it is this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting that *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel.").

We first address the issue raised by counsel in the *Anders* Brief:

- 5 -

Is Defendant's appeal after his guilty plea and sentence within the applicable sentencing guidelines wholly frivolous and without arguable merit within the meaning of **Anders v. California**, 386 U. S. 728 (1967)?

**Anders** Brief, at 4.

The issue presented in the **Anders** Brief challenges the discretionary aspects of Appellant's sentence. **See Commonwealth v. Gonzalez-Dejesus**, 994 A.2d 595, 597-98 (Pa. Super. 2010) (explaining that a challenge to the imposition of consecutive sentences implicates the discretionary aspects of sentencing). A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. **Commonwealth v. Hunter**, 768 A.2d 1136, 1144 (Pa. Super. 2001).

Prior to reaching the merits of a discretionary sentencing issue:

We conduct a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

**Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant met the first two elements by properly preserving the issue in a Post-Sentence Motion to modify his sentence and filing a timely notice of appeal. In his post-sentence motion, Appellant challenged both the imposition of consecutive sentences and the order that Appellant serve them in a state correctional institution. The **Anders** brief does

not, however, include a statement raising these issues in his brief pursuant to Rule 2119(f). Nevertheless:

> Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. **See Commonwealth v. Wilson**, 396 Pa. Super. 296, 578 A.2d 523 (1990); **see also Commonwealth v. Lilley**, 978 A.2d 995 (Pa. Super. 2009). Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.

**Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015); **see also Commonwealth v. Bynum-Hamilton**, 135 A.3d 179 (Pa. Super 2016) (the appellant's failure to file a separate Rule 2119 statement where counsel has sought to withdraw does not preclude review of whether the appellant's issue is frivolous). Thus, we consider whether Appellant has raised a substantial question.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation omitted).

With regard to the imposition of consecutive sentences, this Court has held:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d

581, 587 (Pa. Super. 2010)[.] Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012)[(*en banc*)].

[An appellant] **may** raise a substantial question where [s]he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

**Commonwealth v. Swope**, 123 A.3d 333, 338-39 (Pa. Super. 2015) (citation and quotation omitted, emphasis in original).

In the instant case, Appellant's bald challenge to the imposition of a consecutive sentence does not raise a substantial question permitting our review.

With respect to Appellant's remaining challenge to the order directing that he serve his sentence in a state correctional facility, we agree with the position taken in the **Anders** Brief that the court had no discretion to order otherwise. Specifically, Section 9762(b)(1) of the Sentencing Code mandates that all persons sentenced to total confinement of five or more years after the 2012 effective date of the statute shall be committed to the Pennsylvania Department of Corrections for confinement. 42 Pa.C.S. § 9762(b)(1). Appellant's total maximum sentence of 120 months (10 years) thus required that he be committed to a state correctional institution. Accordingly, we agree

with counsel and conclude that the issues raised in the **Anders** Brief are wholly frivolous.

Appellant's *pro se* response, in which he states counsel indicated prior to entering his guilty plea that he would receive concurrent sentences, fails to support this claim with meaningful argument or citation to authority. For that reason, alone, we may deny relief. **See Commonwealth v. Johnson**, 985 A.2d 915 (Pa. 2009) (explaining appellant waives issue on appeal where he fails to present claim with citations to relevant authority or develop issue in meaningful fashion capable of review).

Even if we were to review Appellant's response on the merits, we would find it conflicts with his written and oral guilty plea colloquies, wherein he confirmed he was entering his guilty plea voluntarily, intelligently, knowingly, and without the influence of any promises. N.T., 3/5/20, at 8-9. In addition, Appellant indicated he understood the court had the authority to run each sentence from the three docketed cases consecutively, which, if done, would result in an aggregate sentence of 17 to 35 years in prison. N.T. at 10.

Finally, our independent review of the record, conducted in accordance with **Yorgey**, **supra**, confirms counsel's assertion that there are no issues of merit to be considered by this Court and this appeal is, thus, wholly frivolous. Thus, we grant counsel's Petition to Withdraw and affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/21