J-S15008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS JOHNSON, JR. | : | |
| | : | |
| Appellant | : | No. 911 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 24, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0003375-2018

BEFORE:   LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED: JULY 21, 2021**

Thomas Johnson, Jr., appeals from the judgment of sentence, entered in the Court of Common Pleas of Erie County, after he entered a negotiated guilty plea[1] to one count of statutory sexual assault.[2]  Counsel has filed a petition to withdraw on appeal pursuant to **Anders v. California**, 386 U.S.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Johnson's guilty plea was negotiated as to the charges, but left open with regard to sentencing.  Johnson acknowledged in writing that, by virtue of his conviction for statutory sexual assault, 18 Pa.C.S.A. § 3122.1(b), a Tier III offense, he is subject to the provisions of Pennsylvania's Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10 *et seq*. **See id.**; **see also** Notice to Defendant of Duty to Register Pursuant to [SORNA] Subchapter H, "Registration of Sexual Offenders," 6/24/19.

[2] 18 Pa.C.S.A. § 3122.1(b) (first-degree felony where complainant under 16 years of age and defendant at least 11 years older).

738 (1967). Upon review, we affirm Johnson's judgment of sentence and grant counsel's petition to withdraw.

> On March 4, 2019, [Johnson] entered a negotiated guilty plea before the Honorable John J. Mead to count one, statutory sexual assault. The charges at count two, unlawful contact with a minor, and count three, corruption of minors, were *nolle prossed*. The conviction at count one arose from [Johnson]'s actions in engaging in sexual intercourse with a fifteen[-]year-old. On June 24, 2019, [Johnson] was sentenced . . . to five to ten years of incarceration, consecutive to any other sentence [he] was currently serving. The sentence was at the low end of the standard range of the guidelines. A fully executed notice of [Johnson]'s duty of lifetime registration for sexual offenders was filed with the Clerk of Courts.
>
> [Johnson] filed a motion to modify and reduce sentence, which the court denied on July 15, 2019. On August 9, 2019, [Johnson] filed a counseled notice of appeal[,] and on August 12, 2019, the court issued a concise statement order [pursuant to Pa.R.A.P. 1925]. On September 3, 2019, plea and sentencing counsel filed a statement of intent to file an **Anders** brief. On September 26, 2019, the court filed its Rule 1925(b) opinion.
>
> On October 7, 2019, the Superior Court dismissed the appeal for nonconformance with Pa.R.A.P. 3517 regarding filing of docket statements. [*Per Curiam* Order, 10/7/19]. The order of October 7, 2019 directed counsel to certify within ten (10) days [that Johnson] was notified of the entry of the order. As of March 11, 2020, no further filings were recorded on the Superior Court docket. Thus, it appears no docketing statement was filed, and [Johnson] was not notified of the dismissal of the appeal, or the reason therefor[].
>
> On March 5, 2020, [Johnson], *pro se*, filed a motion for post-conviction collateral relief seeking, *inter alia*, reinstatement of direct appeal rights. On March 17, 2020, the [c]ourt reinstated direct appeal rights *nunc pro tunc*, granted [Johnson *in forma pauperis*] status, and appointed . . . appellate counsel. The court directed appellate counsel to file a notice of appeal within thirty (30) days.

On August 31, 2020, [Johnson]'s counsel filed a motion to file notice of appeal *nunc pro tunc*, and concurrently filed a notice of appeal. On September 2, 2020[,] the court granted the motion. Concurrently, the court directed counsel to file a Rule 1925(b) statement of matters complained of on appeal [with]in 21 days. On September 21, 2020, [Johnson] filed a Rule 1925(b) statement, averring as follows:

> The trial court abused its discretion in sentencing [Johnson] to five to ten years of incarceration consecutive to any other sentence [Johnson] is currently serving[.]

Trial Court Opinion, 9/30/20, at 1-3 (unnecessary capitalization omitted).

On November 16, 2020, appellate counsel filed an **Anders** brief and petition to withdraw as counsel. The brief was stricken, however, and the petition denied by order dated November 25, 2020, because counsel did not adequately comply with **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[3] Counsel filed a brief on December 8, 2020, but did not file a petition to withdraw as counsel. On March 2, 2021, this Court ordered appellate counsel to (1) file a petition to withdraw as counsel, (2) serve the petition upon Johnson with an attached copy of a notice of rights letter, and (3) amend the cover page of her brief to indicate it is an **Anders** brief. *Per Curiam* Order, 3/2/21, at 1. On March 9, 2021, counsel filed an amended **Anders** brief, a motion to withdraw as counsel, and copy of her notice of rights letter to Johnson, dated March 9, 2021. Johnson raises the following issue for

---

[3] Specifically, "[c]ounsel failed to attach the notice of rights letter to the Petition for Permission to Withdraw as Counsel – attachment to the brief is insufficient. **See Commonwealth v. Hankerson**, 118 A.3d 415, 419-20 (Pa. Super. 2015)[.]" Order, 11/25/20, at 1.

- 3 -

our review: "Whether the trial court abused its discretion when it sentenced [Johnson] to a low end of the standard range sentence with a fully executed notice of [his] duty of lifetime registration or sexual offenders?" ***Anders*** brief, 3/9/21, at 7.

Prior to reviewing Johnson's claim, we must determine if counsel has complied with the procedural requirements for withdrawal. An attorney seeking to withdraw on appeal must comply with certain procedural and briefing requirements. Specifically, counsel must:

> (1) petition the [C]ourt for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the [appellant]; and (3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the [C]ourt's attention.

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (en banc) (citation omitted). In addition, our Supreme Court, in ***Santiago***, stated that an ***Anders*** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, ***supra*** at 361.

Counsel also must provide the appellant with a copy of the ***Anders*** brief, together with a letter that advises the appellant of his or her right to "(1)

retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the [C]ourt's attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

Here, counsel has filed a motion to withdraw and an **Anders** brief. In her motion, counsel states that after a thorough and conscientious examination of the record, she has determined that the appeal is wholly frivolous. **See** Motion to Withdraw, 3/9/21. Additionally, counsel mailed Johnson a copy of the **Anders** brief and a letter advising him of his right to retain private counsel, represent himself on appeal, and/or raise any additional issues he believed the Court should consider.[4] **See** Letter from Attorney Hermann to Johnson, 3/9/21. Finally, counsel's brief sets out one issue of arguable merit and, pursuant to the dictates of **Santiago**, explains why she believes the appeal to be frivolous. Accordingly, counsel has substantially complied with the requirements of **Anders** and **Santiago**. Therefore, we may review the issue raised by counsel and conduct our independent review of the record.

_____

[4] Johnson has not filed a *pro se* response to counsel's **Anders** brief or retained counsel to represent him on appeal.

Johnson baldly asserts that the trial court abused its discretion in sentencing him to five to ten years of incarceration for statutory sexual assault pursuant to a negotiated plea agreement. No relief is due.

Our standard of review in sentencing matters is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Hoch*, 936 A.2d 515, 517 (Pa. Super. 2007).

"Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."[5] Therefore, to the extent that Johnson raises a challenge to the discretionary aspects of his sentence, this claim is waived.[6] *Id.*

---

[5] Johnson does not challenge the jurisdiction of the sentencing court or the validity of his guilty plea.

[6] Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Tukhi*, 149 A.3d 881, 888 (Pa. Super. 2016). Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test. *Id.* We evaluate:

(1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a

*(Footnote Continued Next Page)*

Pursuant to 42 Pa.C.S.A. § 9781(c), this Court shall vacate an appellant's judgment of sentence and remand for resentencing only if the sentencing court:  (1) purported to sentence within the sentencing guidelines but applied the guidelines erroneously; (2) sentenced within the sentencing guidelines, but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or (3) sentenced outside the sentencing guidelines and the sentence is unreasonable.  *Id.*  We consider, *inter alia*, the nature and circumstances of the offense, the characteristics and

_____

> motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220-21 (Pa. Super. 2011) (internal citations and quotation marks omitted).

To determine whether a substantial question exists, this Court looks to "whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable.  Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable."  *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013); *Commonwealth v. Felix*, 539 A.2d 371, 378 (Pa. Super. 1988) (Court may consider both Pa.R.A.P. 2119(f) statement and Pa.R.A.P. 1925(b) statement of questions presented to determine if substantial questions are raised).  Here, Johnson has not advanced any argument, plausible or otherwise, that his sentence is clearly unreasonable or inconsistent with any provision of the Sentencing Code.  *See Anders* Brief, at 11-14.  Thus, even if Johnson's challenge to the discretionary aspects of his sentence were not waived, and "even if we were to find merit to the appeal, we would be precluded from reviewing it[. *Griffin*, *supra*.]  . . .  Nevertheless, it is necessary for us to examine the merits of the appeal to determine if it is wholly frivolous to permit counsel's withdrawal."  *Commonwealth v. Wilson*, 578 A.2d 523, 525 (Pa. Super. 1990) (internal quotations omitted).

history of the defendant, the opportunity of the sentencing court to observe the defendant, including any presentence investigation report (PSI), the findings on which the sentence was based, and the Pennsylvania sentencing guidelines. *Id.* at § 9781(d).

Instantly, Johnson has not identified any provision of the sentencing guidelines, nor any other statute, allegedly violated by the sentencing court. Johnson has also failed to demonstrate any circumstances under which application of the guidelines would be clearly unreasonable. Johnson was 38 years old and on probation at the time he had sexual relations with a 15-year-old friend of his daughter. The victim gave birth to Johnson's child when she was 16 years old. *See* N.T. Sentencing Hearing, 6/24/19, at 14. Johnson's sentence resulted from a negotiated plea agreement whereby two charges against him were *nolle prossed*. The sentencing court stated on the record that, in fashioning Johnson's sentence, it considered: a PSI;[7] the statements of both counsel, Johnson, and Johnson's two character witnesses; that Johnson was on state supervision at the time of the offense; Johnson's prior criminal activity, including burglaries, receiving stolen property, retail theft, criminal trespass, driving under the influence of alcohol, and violating a protection from abuse order; the nature of Johnson's offense, including the

---

[7] *See Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988) (where court is in possession of PSI, we "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors").

age difference between Johnson and his victim and the long-lasting impact on the victim as a new, young mother; and the Pennsylvania Sentencing Guidelines. ***See id.*** at 17-18. At the time of sentencing, Johnson's prior record score was five (5), and the offense gravity score of statutory sexual assault was nine (9). ***See*** Guideline Sentence Form, 6/2019 (specific date unascertainable due to holes punched in certified record). Therefore, a standard-range sentence is 60 to 72 months of imprisonment. ***See*** 204 Pa. Code § 303.16. Having been convicted of a first-degree felony, the maximum sentence permitted by statute is a term of twenty years. ***See*** 18 Pa.C.S.A. § 1103. Here, Johnson's sentence of five-to-ten years of imprisonment was within the standard range sentence and below the statutory maximum sentence. Moreover, the sentencing court has clear authority pursuant to section 9721 to impose sentences either consecutively or concurrently. ***See id.***; ***see also Commonwealth v. Wright***, 832 A.2d 1104, 1107 (Pa. Super. 2003) (same).

Under these circumstances, we find Johnson's appeal to be wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/21/2021