J-S06041-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ALIZE JONTE KOBALY :
:
Appellant : No. 1225 WDA 2024

Appeal from the Judgment of Sentence Entered September 20, 2023
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001724-2022

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: February 27, 2025**

Appellant, Alize Jonte Kobaly, appeals *nunc pro tunc* from the judgment

of sentence of 22 to 44 months' incarceration and $2,171.17 restitution,

imposed after he pled guilty to attempted burglary, terroristic threats, theft

by unlawful taking, reckless endangerment, harassment, disorderly conduct,

and criminal mischief. On appeal, Appellant seeks to challenge the validity of

his guilty plea, the discretionary aspects of his sentence, and the legality of

his sentence. Additionally, Appellant's counsel, James V. Natale, Esq., seeks

to withdraw his representation of Appellant pursuant to ***Anders v. California***,

386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

2009). After careful review, we affirm Appellant's judgment of sentence and

grant counsel's petition to withdraw.

The facts of Appellant's case were summarized at his guilty plea hearing,

as follows:

[The Commonwealth]: Your Honor, on or about August 9, 2022, [Appellant] did attempt to enter 648 Flynn Avenue in German Township, Fayette County[,] while brandishing a firearm by pounding on the front door[,] breaking … out windows, using a child's scooter, as well as his hands and fist[s] to break the windows. [Appellant] did threaten James Peggues to shoot him while brandishing a firearm. [Appellant] did steal a Blink security camera belonging to Gloria Peggues with the intent to deprive the owner there of [*sic*]. [Appellant] did place James Peggues and A.C., a minor, in danger of death or serious bodily injury by brandishing a firearm and threatening to kill James Peggues. [Appellant] did damage a security camera, … a steel entry door, and … three windows. [Appellant] did threaten James Peggues….

N.T. Plea, 9/8/23, at 16-17.

Based on these facts, the court accepted Appellant's guilty plea to the above-stated crimes. On September 20, 2023, the court sentenced Appellant to a term of 22 to 44 months' incarceration for his attempted burglary conviction. The court imposed no further penalty for his remaining offenses. After procedural complexities not relevant to our disposition herein, Appellant filed a post-sentence motion *nunc pro tunc* on October 20, 2023. The court denied that motion on October 26, 2023. Appellant filed an appeal, but further procedural complications resulted in this Court's quashing his appeal on June 13, 2024. On August 1, 2024, Appellant filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of his direct appeal rights. On September 24, 2024, the court issued an order reinstating Appellant's right to file an appeal, and he filed a *nunc pro tunc* notice of appeal on October 4, 2024. Appellant and the court thereafter complied with Pa.R.A.P. 1925.

On December 6, 2024, Attorney Natale filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an ***Anders*** brief, discussing the following three issues that Appellant seeks to raise on appeal:

1. Whether [Appellant] entered a knowing, voluntary, and intelligent plea of guilty in the above[-]captioned case?

2. Whether the sentencing court abused its discretion when it sentenced Appellant?

3. Whether the sentencing court imposed more than one sentence for the same criminal act?

***Anders*** Brief at 2 (unnecessary capitalization omitted).

Attorney Natale concludes that these issues are frivolous, and that Appellant has no other, non-frivolous claims he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of

> record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> *Santiago*, 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Natale's *Anders* brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. Counsel also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Additionally, Attorney Natale states in his petition to withdraw that he has supplied Appellant with a copy of his *Anders* brief, and he attached a letter directed to Appellant to his petition to withdraw in which he informed Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for

withdrawal.  We will now independently review the record to determine if Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous claims he could pursue on appeal.

First, Appellant challenges the validity of his plea.  We recognize that "a defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified."  ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa. Super. 2013) (citations omitted).  "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently."  ***Id.*** (citation omitted).

Here, the trial court set forth a detailed discussion in its Rule 1925(a) opinion of why it concluded that Appellant's plea was knowingly, voluntarily, and intelligently entered.  ***See*** Trial Court Opinion (TCO), 11/1/24, at 3-5. Namely, the court noted that "Appellant confirmed that he understood the nature of the charges against him[,]" and the Commonwealth "read aloud the factual basis for the charges, which Appellant confirmed he heard." ***Id.*** at 4 (citing N.T. Plea at 11-12, 16-17).  Appellant admitted that he did the conduct alleged. ***Id.*** (citing N.T. Plea at 18-20).

Additionally, the "[c]ourt confirmed that Appellant had reviewed the entirety of the written guilty plea petition with his attorney and that he understood it." ***Id.*** (citing N.T. Plea at 9).  He was notified in the written plea colloquy of his "right to a trial by jury (and associated rights)[,] as well as the right to a presumption of innocence, and … that by pleading guilty, those rights

were waived." *Id.* (citation omitted). The court stressed to Appellant that he did not have to plead guilty, and he had the absolute right to take his case to trial. *Id.* at 4-5 (citing N.T. Plea at 14).

Appellant was also told of the maximum penalties he faced, and the standard guideline ranges, given his prior record score and the offense gravity scores. *Id.* at 5 (citing N.T. Plea at 15-16). Moreover, Appellant was informed in the written plea colloquy that the court ultimately would decide his sentence, and he was told at the oral plea colloquy "that the sentencing guidelines are advisory[,] and that his sentence could be as little as 22 to 44 months or as much as 36 to 72 months." *Id.* (citing N.T. Plea at 16). Appellant was asked if he had been promised any particular sentence, and he said no. *Id.* (citing N.T. Plea at 16). Finally, Appellant confirmed that he was satisfied with the representation of his attorney and the time he had to consult with counsel about his case. *Id.* (citing N.T. at 20-21).

Based on this record, we conclude that the required elements of a plea colloquy were met in this case. *See Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) ("A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence) (citing Comment to Pa.R.Crim.P. 590(A)(2)). Accordingly, Appellant's plea was knowing, intelligent, and voluntary. His first issue is frivolous.

We likewise conclude that Appellant's second claim, alleging that the court abused its discretion in fashioning his sentence, is also frivolous. It is well-settled that

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006).[1]

In this case, Attorney Natale points out that Appellant was sentenced to a term of incarceration only for his burglary conviction. *See Anders* Brief at 15. The standard guideline range applicable to that offense calls for a minimum term of incarceration of 22 to 36 months and, thus, the court's

---

[1] We recognize that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa. Super. 2000). Instead, "[a]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test" that includes presenting a Pa.R.A.P. 2119(f) statement showing "there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code…." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (internal citations omitted)). Here, Attorney Natale did not set forth a Rule 2119(f) statement in his *Anders* brief. However, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (citing *Commonwealth v. Lilley*, 978 A.2d 995 (Pa. Super. 2009); *Commonwealth v. Wilson*, 578 A.2d 523 (Pa. Super. 1990)). "Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Id.*

sentence of 22 to 44 months' incarceration was at the low end of the standard guideline range. *Id.* Additionally, the court had and reviewed a presentence report; thus, we "presume[] that the court [was] aware of all appropriate sentencing factors and considerations…." *Commonwealth v. Bullock*, 170 A.3d 1109, 1126 (Pa. Super. 2017) (citation omitted); *see also* N.T. Sentencing, 9/20/23, at 4. The court also "heard information related to Appellant's employment, his mental health history, his history of acquaintance with the victim, and it considered Appellant's statements such as his intent to 'make amends.'" TCO at 6 (quoting N.T. Sentencing at 5-7). "Ultimately, [the c]ourt determined that the gravity of Appellant's actions, including that he was wielding a firearm, warranted a period of incarceration for Appellant to consider opportunities to 'choose a different path and make much better decisions and get the help that [he] need[ed].'" *Id.* (quoting N.T. Sentencing at 8). Having reviewed the record, we agree with the court that "there is no indication of [an] abuse of discretion in the sentence imposed here." *Id.* at 7. Therefore, Attorney Natale is correct that it would be frivolous to raise this claim on appeal.

Finally, Appellant seeks to argue that he received more than one sentence for the same criminal act. To the extent that Appellant's assertion implicates a question of whether his offenses merged for sentencing purposes, such a claim constitutes a non-waivable challenge to the legality of his sentence. *See Commonwealth v. Williams*, 871 A.2d 254, 262 (Pa. Super. 2005) (citation omitted). However, it is clear that Appellant's claim is

frivolous. The record confirms that Appellant's sentence of incarceration was imposed only for his conviction of burglary, and his "guilty plea was accepted without further penalty" at the remaining counts. TCO at 7. Accordingly, "[t]here is no indication that Appellant was sentenced more than once for the same criminal act." ***Id.***

In sum, we conclude that the three issues Appellant wishes to raise on appeal are frivolous. Additionally, our independent review of the record reveals no other, non-frivolous claims that Appellant could assert herein. Thus, we affirm his judgment of sentence and grant Attorney Natale's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/27/2025